UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN LARSON,

        Petitioner,

                                CASE NO. 2:08-CV-14387
v.                              HONORABLE DENISE PAGE HOOD

PERCY CONERLY,

        Respondent.
                                  /

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan parolee Robin Larson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.[1] Petitioner raises claims concerning the validity of his sentence and the effectiveness of trial counsel in his petition. Respondent, through the Michigan Attorney General's Office, has filed an answer to the petition contending that it should be denied. For the reasons stated, the Court finds that Petitioner is not entitled to federal habeas relief on his claims and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from two incidents which occurred in Holly, Michigan in July

---

[1] At the time he instituted this action, Petitioner was confined at the Pine River Correctional Facility in St. Louis, Michigan where Respondent was the warden.

1

and November of 2006. The July incident involved Petitioner entering the home of a female acquaintance, grabbing and shoving her, and grabbing and yelling at her teenage son. The November incident involved Petitioner and his wife, who had recently had neck surgery. Petitioner grabbed her throat, pushed her into a corner, and knocked her to the ground.

On January 19, 2007, Petitioner pleaded no contest in two Oakland County Circuit Court cases to one count of third-degree home invasion, Mich. Comp. Laws § 750.110a(4), two counts of domestic violence – third offense, Mich. Comp. Laws § 750.81(4), and one count of aggravated domestic violence – second offense, Mich. Comp. Laws § 750.81a(3). Petitioner signed a plea form listing the offenses to which he was pleading no contest, which included a notation to "Hab 4." During the plea hearing, the prosecutor indicated that Petitioner was a fourth habitual offender and Petitioner admitted that he had three prior felonies.

On February 7, 2007, the trial court conducted a sentencing hearing during which defense counsel objected to the scoring of certain offense variables and prior record variables of the sentencing guidelines. At the conclusion of that hearing, the trial court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 22 months to 15 years imprisonment on the home invasion and domestic violence third offense convictions and to a concurrent term of 18 months to 15 years imprisonment on the aggravated domestic violence second offense conviction.

Petitioner, through counsel, filed two delayed applications for leave to appeal with the Michigan Court of Appeals (one for each lower court file) raising the same sentencing and ineffective assistance of trial counsel claims contained in his present petition. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Larson*,

No. 283802 (Mich. Ct. App. March 26, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Larson*, 482 Mich. 896, 753 N.W.2d 175 (2008).

Petitioner thereafter filed the present habeas petition, raising claims challenging the scoring of several record and offense variables under the state sentencing guidelines, the facts upon which the trial court relied in imposing his sentence, the "presumptive" nature of the state sentencing guidelines, the habitual offender notice and enhancement, and the effectiveness of trial counsel at sentencing. Respondent has filed an answer to the petition contending that it should be denied because the claims are not cognizable and/or lack merit.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

3

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F.

4

Supp. 354, 359 (E.D. Mich. 2002).

Additionally, §2254(e)(1) requires that a federal habeas court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. To the extent that the state courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of such claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In any event, under either standard of review, the Court finds that Petitioner's claims are not cognizable and/or lack merit and that he is not entitled to federal habeas relief.

**IV.    Analysis**

    **A.    Scoring of the Michigan Sentencing Guidelines**

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in scoring prior record variables 1, 2, 5, and 7 and offense variables 9, 10, and 13 of the Michigan sentencing guidelines. He also asserts that the trial court relied upon facts not proven beyond a reasonable doubt in scoring those variables.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741,

5

745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. *See* Mich. Comp. Laws §§ § 750.110a(4), 750.81(4), 750.81a(3), 769.12. Sentences imposed within the statutory limits are generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's assertion that his sentence is invalid because the trial court incorrectly scored several prior record and offense variables under the state sentencing guidelines fails to state a claim for federal habeas relief because it is a state law claim. *See Austin v. Jackson*, 231 F.3d 298, 300-01 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 27, 41 (1984)); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Habeas relief is not warranted on this state law claim.

Petitioner is also not entitled to relief on any claim that his sentence was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the trial court considered the circumstances of the crimes, the pre-sentence report, Petitioner's criminal history, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other matters. Petitioner has not shown that the

trial court relied upon materially false or inaccurate information that he had no opportunity to correct in imposing his sentence. Habeas relief is not warranted on such a basis.

Petitioner also asserts that he is entitled to habeas relief because the trial court relied upon facts not proven beyond a reasonable doubt in imposing his sentence. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), the Supreme Court, applying *Apprendi* to a state sentencing guideline scheme under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated a defendant's Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See also United States v. Booker,* 543 U.S. 220, 232 (2005).

The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no Sixth Amendment violation. *See Arias v. Hudson*, 589 F.3d 315, 317-18 (6th Cir. 2009) (reaffirming that judicial fact-finding which increases a minimum sentence does not run afoul of *Blakely* but noting that the Supreme Court granted certiorari in *United States v. O'Brien*, 130 S. Ct. 49 (2009), a case involving fact-finding which increased a minimum sentence); *Chontos v. Berghuis,* 585 F.3d 1000, 1001-02 (6th Cir. 2009) (state court did not violate habeas petitioner's Sixth Amendment rights by relying upon facts which increased his minimum sentence but did not

7

exceed the statutory maximum); *Tironi v. Birkett,* No. 06-1557, 2007 WL 3226198, *1-2 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry,* No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *McNall v. McKee,* No. 1:06-CV-760, 2006 WL 3456677, *2 (W.D. Mich. Nov. 30, 2006); *accord People v. Drohan,* 715 N.W.2d 778, 789-790 (Mich. 2006). Petitioner's sentences are within the statutory maximums. No *Blakely* violation occurred. Habeas relief is not warranted.

**B.      Habitual Offender Enhancement**

Petitioner also asserts that he is entitled to habeas relief because he was improperly sentenced as a fourth habitual offender where only a third habitual offender notice was filed. To the extent that Petitioner contends that he received untimely or insufficient notice of the habitual offender charge under Michigan law, he fails to state a cognizable claim upon federal habeas review because it is a state law claim. *See Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993). Habeas relief may not be based upon a perceived violation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender enhancement. Due process only requires that a defendant be given reasonable notice and an opportunity to be heard. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962). The record reveals that Petitioner and defense counsel received sufficient notice of the fourth habitual offender enhancement. While a third habitual offender enhancement was filed in one case on September 12, 2006, a fourth habitual offender notice was filed in the other case on November 22, 2006. *See* Notice of Intent to Seek Sentence Enhancement Fourth or Subsequent Offense, Case No. 2006-211671-FH. Additionally, Petitioner's plea form, which governed both

8

files and which was signed by him and defense counsel, indicated that he was pleading to "Hab 4." *See* Form dated 1/19/07. During the plea hearing, the prosecutor stated that Petitioner was a fourth habitual offender and Petitioner admitted having three prior felonies. *See* Plea Hrg. Tr., pp. 5, 10-11 (transcribed 5/4/07). The pre-sentence report also indicated that Petitioner was a fourth habitual offender, *see* Report, p. 15, and Petitioner had an opportunity to be heard on the habitual offender issue at sentencing. The record reveals that Petitioner and defense counsel were well aware of the fourth habitual offender enhancement at the time of his plea and sentencing. This was sufficient to satisfy due process. *See, e.g., United States v. Hudspeth*, 42 F.3d 1015, 1024 (7th Cir. 1994) (information filed 18 days after indictment and 23 days before plea gave adequate notice for enhanced sentence); *LaMere v. Risley*, 827 F.2d 622, 623 (9th Cir. 1987) (notice of enhancement given after conviction but three weeks before sentencing was sufficient). Habeas relief is not warranted on this claim.

### C. Effectiveness of Trial Counsel

Lastly, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to all of the alleged errors in the scoring of the state sentencing guidelines and for failing to object to the fourth habitual offender enhancement.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so

9

serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions might be considered sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Petitioner has not established that defense counsel erred and/or that he was prejudiced by counsel's conduct. With regard to the scoring of the sentencing guidelines, the record indicates that defense counsel reviewed the relevant documents and raised objections to the scoring of certain variables, including one successful objection. As to the other perceived errors, the records of Petitioner's criminal history and the circumstances of the instant offenses support the trial court's scoring of the guidelines. Petitioner has failed to show that the trial court's scoring of the variables was actually improper or that any required corrections would have altered his sentence. Conclusory

allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). With regard to the habitual offender enhancement, Petitioner has failed to show that he was improperly sentenced as a fourth habitual offender. The state court records reveal that the sentencing enhancement was appropriate and that Petitioner was given all the process he was due. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328. Petitioner has failed to establish that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 30, 2010

I hereby certify that a copy of the foregoing document was served upon Robin Larson, Reg. No. 326935, 20616 Harmony Dr., Clinton Township, Michigan 48036 and counsel of record on June 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager